IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA
One Tower Square
Hartford, CT 06183
       Plaintiff
  v.

TUKURU TECHNOLOGIES, LLC
11 East 44th Street, Suite 1600
New York, NY 10017
    and
OMOLADE "Jacob" TUKURU
289 Elm Road
Briarcliff Manor, NY 10510-2207
       Defendants

Civil Action No:

JURY DEMAND
ENDORSED HEREON

## PLAINTIFF'S COMPLAINT AT LAW

Plaintiff, by and through its undersigned counsel, hereby demands judgment against the above-named Defendants, and by way of Complaint in support thereof avers as follows:

### I.    NATURE OF THE ACTION

This action arises out of the failure of the Defendants to exercise reasonable care to properly monitor, maintain and interact with the Plaintiff's insureds' computer systems. As a result of such conduct and omissions, Plaintiff's insureds' computer systems were breached, ransomware virus software was installed and initiated, causing their systems to be locked/encrypted - resulting in substantial costs to replace equipment, and to recover and/or unencrypt information, data and files.

## II.  PARTIES

1. At all times pertinent, Plaintiff, Travelers Casualty and Surety Company of America (hereinafter "Travelers"), was and is a corporation organized and existing under the laws of the State of Connecticut and was engaged in the business of, *inter alia*, underwriting insurance, and maintained its principal place of business at the above-captioned address.

2. At all times relevant hereto, Travelers was duly authorized to engage in the business of underwriting insurance in the State of New York.

3. At all times relevant hereto, Travelers provided cyber risk insurance to the following entities and related entities (hereinafter referred to at times collectively as "insureds" or "subrogors") in connection with their businesses located at the following addresses under policies that were in full force and effect on all relevant dates, and at all relevant times.

- RizzoCodegreen Solutions, Inc.
  (Policy No. 107099444 / Claim No. T1911328)
  Principal Address: 1333 Broadway, Room 500, New York, NY 10018-7250

- Lee H. Skolnick Architecture + Design Partnership
  (Policy No. 106837152 / Claim No. T1911344)
  Principal Address: 75 Broad Street, Suite 2700, New York, NY 10004

- MVN Architects, LLC
  (Policy No. 106888438 / Claim No. T1911375)
  Principal Address: 39-39 29th Street, Long Island City, NY 11101

- Weiss / Manfredi Architects LLP
  (Policy No. 107039558 / Claim No. T1911821)
  Principal Address: 200 Hudson Street, Floor 10, New York, NY 10013-1807

- Robert Silman Associates Structural Engineers DPC
  (Policy No. 106784852 / Claim No. T1914501)
  Principal Address: 32 Old Slip, 10th Floor, New York, NY 10005

4. At all times relevant hereto, and pursuant to the terms and conditions of said policies of insurance, Travelers agreed to insure its subrogors with regard to certain cyber incidents suffered during the effective period of this policies.

5. Upon investigation and payment of the claims for damages sustained by its insureds arising from the incidents as further described herein, Travelers became subrogated to certain rights and interests of its insureds.

6. At all times relevant hereto, the insureds operated their businesses from the above-referenced locations and utilized various computers and other technical equipment and computer platforms that were vital to and aided in their business practices.

7. Defendant, Tukuru Technologies, LLC, was and is a corporation organized and existing under the laws of the State of New York and maintained its principal place of business at the above-captioned address.

8. Upon information and belief, at all times relevant hereto and specifically at the time of the subject cyber incidents, Defendant was in the business of, *inter alia*, providing information technology solutions and support to various businesses in and around the New York City metropolitan area.

9. Defendant, Omolade ("Jacob") Tukuru, is an adult individual, who resides at 289 Elm Road, Briarcliff Manor, NY 10510-2207, who upon information and belief, is the President and CEO of Defendant, Tukuru Technologies, LLC.

10. Upon information and belief, Mr. Tukuru had personal knowledge of and involvement with the services provided by Tukuru Technologies, LLC, to each of the aforementioned insureds' computer systems, the methods used to remotely access these systems

to perform maintenance and monitoring, as well as the protocols used when undertaking such efforts by Tukuru Technologies.

11. Upon information and belief, Tukuru Technologies, LLC, and Olomade "Jacob" Tukuru, personally (hereinafter collectively the "Defendants"), were retained by and/or undertook work on behalf of Plaintiff's insureds to provide the aforementioned support for their computers, equipment and computer systems.

### III.     JURISDICTION AND VENUE

12. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332, on the basis of diversity of citizenship between the Plaintiff, a Connecticut company, and the Defendants, a corporate and an individual resident of the State of New York, and because the amount in controversy is in excess of $75,000, exclusive of costs and interest, as required by 28 U.S.C. §1332.

13. Venue is proper in this District, pursuant to 28 U.S.C. §1391(b)(1) and (2), because the Defendants are residents of an undertake their work within this District, and because a substantial part of the events and omissions giving rise to this action occurred in the Southern District of New York.

### IV.     STATEMENT OF FACTS

14. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

15. On or before July 23, 2019, Plaintiff's insureds entered into contracts with Tukuru Technologies for the purpose of Defendants providing computer and information technology support for their businesses.

16. On or about July 23, 2019, a computer hacking ransomware event occurred causing disruption to and encryption of a portion of the insureds' systems/servers/data/programming.

17. Upon information and belief, the hacker's ability to gain control of Plaintiff's insureds' systems was due to the negligence/gross negligence of the Defendants in failing to use proper protocols with regard to their remote management and monitoring (RMM) connections between Defendants' office and the insureds' systems.

18. The aforementioned hacking ransomware event resulted in significant damages in the form of proper crisis management and remediation expenses, business interruption and related additional expenses totaling in an amount in excess of $75,000.00

19. All such damages and losses were directly and proximately caused by Defendant as more fully described below.

## COUNT I – NEGLIGENCE / GROSS NEGLIGENCE

20. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

21. Defendants individually and collectively owed Plaintiff's insureds a duty of care to refrain from engaging in conduct that created a foreseeable likelihood of injuries to Plaintiff's insureds' property and businesses.

22. Defendants knew or should have known that carelessly and/or recklessly failing to take proper precautions with regard to access to Plaintiff's insureds' system would place Plaintiff's insureds and others similarly situated in risk of foreseeable harm.

23. Defendant knew or should have known that carelessly and recklessly failing to take such precautions regarding access to Plaintiff's insureds' system could or would lead to damages to property and business interests.

24. The aforementioned damages were the direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other unlawful actions and/or omissions of the Defendants, which consisted of, but are not limited to, the following:

 (a) failing to exercise reasonable care with respect to its selection, design, configuration, maintenance, programming, inspection, updating and use of Plaintiff's insureds' computer equipment and systems, including, but not limited to, carelessly, negligently and recklessly performing the following:

   (1) failing to properly protect the insureds' computer equipment and systems from unlawful and/or unwanted access by others;

   (2) failing to properly protect the insureds' computer equipment and systems from unlawful and/or unwanted encryption by others;

   (3) failing to properly design, install and maintain proper safeguards to limit such access and/or encryption;

   (4) failing to properly design, install and maintain proper backup systems and protocols to limit post-incident losses or expenses;

   (5) failing to properly monitor the insureds' computer equipment and systems to ensure compliance with applicable safety procedures.

 (b) failing to exercise reasonable care with respect to its selection, design, configuration, maintenance, programming, inspection, updating and use of the Tukuru Technologies computer equipment and systems, including, but not limited to, carelessly, negligently and recklessly performing the following:

   (1) failing to properly protect the Tukuru Technologies computer equipment and systems from unlawful and/or unwanted access by others;

    (2)    failing to properly protect the Tukuru Technologies computer equipment and systems from unlawful and/or unwanted encryption by others;

    (3)    failing to properly design, install and maintain proper safeguards to limit such access and/or encryption;

    (4)    failing to properly monitor the Tukuru Technologies computer equipment and systems to ensure compliance with applicable safety procedures.

(c)    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraphs (a) and (b);

(d)    failing to adequately warn others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraphs (a) and (b);

(e)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraphs (a) and (b);

(f)    failing to perform the tasks set forth in subparagraphs (a) and (b) in conformity with prevailing industry and governmental specifications and standards;

(g)    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraphs (a) and (b);

(h)    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

(i)    failing to exercise the duty of care owed to, *inter alia*, Plaintiff's insureds; and/or

(j)    otherwise acting negligently and carelessly under the circumstances.

25.    As a direct and proximate result of this negligent, gross negligent, careless and reckless conduct, Defendants are liable to Plaintiff for the aforementioned damages sustained.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, joint and severally, and/or individually, in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                      **de LUCA LEVINE LLC**

**Dated:** April 9, 2021      **BY:** _____
                                      Kenneth Grear, Esquire
                                      NY Attorney ID No. 4625349
                                      Three Valley Square, Suite 220
                                      Blue Bell, PA 19422
                                      (215) 383-0081
                                      (215) 383-0082
                                      kgrear@delucalevine.com

                                    **BY:** _____
                                      Kenneth T. Levine, Esquire
                                      (not admitted in New York)
                                      Three Valley Square, Suite 220
                                      Blue Bell, PA 19422
                                      (215) 383-0081
                                      (215) 383-0082
                                      klevine@delucalevine.com

                                    Attorneys for Plaintiff
                                    Travelers Casualty and Surety Company of America